# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **CAROLYN D. HOLLOWAY,** | ) | **CASE NO.1:18CV1794** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **JTM CAPITAL MANAGEMENT, LLC.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion and Memorandum of Law of Defendant

JTM Capital Management, LLC., to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P.

12(b)(6). (ECF # 3). For the following reasons, the Court denies Defendant's Motion.

According to her Complaint, Plaintiff Carolyn Holloway ("Holloway") filed for

Chapter 7 bankruptcy protection on July 28, 2017. She received a discharge of all her

unsecured debt on November 1, 2017. On May 17, 2018, Holloway viewed her TransUnion

credit report showing Defendant JTM Capital Management LLC., ("JTM") requested an

account review of Holloway's account on December 26, 2017. Holloway alleges she did not

owe any debt to JTM on the date she filed for bankruptcy. The TransUnion credit report

indicates that the reason for JTM's review of Holloway's account was for "Collection."

However, Holloway contends JTM misrepresented the character of the debt because it had already been discharged in bankruptcy, therefore, JTM could not legally collect on the debt. Holloway further alleges JTM is a debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA") because it uses the instrumentalities of interstate commerce to collect debts in default for which it was not the original lender.

**JTM's Motion to Dismiss**

JTM seeks to dismiss Holloway's FDCPA and Ohio Consumer Sales Practices Act ("OCSPA") claims because JTM is not a "debt collector" as defined by the FDCPA nor is it a "supplier" under the OCSPA. Holloway's Complaint fails to allege that JTM ever communicated with Holloway, participated or exercised control over the collection process and alleges no facts sufficient to show JTM is a debt collector under the FDCPA.

According to JTM, it is a passive debt purchaser that does not collect debts. Neither is JTM a supplier under the Ohio Consumer Sales Practices Act because it merely reviewed a credit report but took no further action. JTM argues that communications to disinterested third parties such as TransUnion do not qualify as conduct in violation of the FDCPA and at least one other court has determined JTM is not a debt collector under the FDCPA.

## STANDARD OF REVIEW

Fed R. Civ. P. 12(b)(6) authorizes dismissal of claims when the claimant fails "to state a claim upon which relief may be granted." Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "In reviewing a motion

to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

**Is JTM a "Debt Collector" under the FDCPA ?**

The FDCPA defines "debt collector" as any person "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect debts, directly or indirectly, owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The definition specifically excludes the creditor or the person to whom the debt is owed. 15

U.S.C. § 1692a(6)(F)(ii).   Under recent Supreme Court jurisprudence, "individuals and entities who regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not 'debt collectors' subject to the FDCPA."  See *Henson v. Santander Consumer USA Inc.*, —— U.S. ——, 137 S.Ct. 1718, at syllabus, 198 L.Ed.2d 177 (2017).  However, Holloway alleges JTM meets the definition of "Debt collector" under § 1692a(6) because JTM's principal purpose is the collection of consumer debts owed to third parties.   At this stage of the proceedings the Court must accept Holloway's allegations as true.  Whereas subsequent evidence may prove otherwise, on a Motion to Dismiss, Holloway's allegations plausibly support her claim that JTM is a debt collector under the FDCPA.

**Is JTM's Communication with TransUnion actionable under the FDCPA ?**

According to JTM, its inquiry to TransUnion about the status of Holloway's debt is not actionable under the FDCPA because it was not an attempt to collect on a debt.   The FDCPA procribes communications to third parties in connection to debt collection.  "The FDCPA prohibits debt collectors in many cases from contacting third parties regarding collection of a debt."  *Russell v. Goldman Roth Acquisitions, LLC,* 847 F. Supp. 2d 994, 998–99 (W.D. Mich. 2012).  The FDCPA prohibits the following communications by debt collectors to third parties:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).  The Sixth Circuit has determined that the FDCPA's "ban on communicating with third parties ... is meant to protect debtors from harassment, *embarrassment*, loss of job, and denial of promotion." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

Here, the allegations in Holloway's Complaint allege JTM contacted TransUnion for a credit status report on Holloway's debt and the purpose of the communication was for the purpose of debt collection.  This is supported by the copy of the Account Review Summary of Holloway's accounts provided by TransUnion showing that JTM submitted an inquiry into Holloway's account on December 26, 2017 for the stated purpose of collection.  Once again, the Sixth Circuit instructed courts on how to analyze alleged FDCPA-violating third party communications.

> A communication to a third party poses little threat to a debtor unless it inspires the third party to harass the debtor or else reveals potentially embarrassing or harmful information to the third party. If a debt collection agency communicates with a third party without either mentioning the debtor or revealing that the debtor owes any debt, it is hard to see how the harms that the FDCPA seeks to avoid could occur. But if the debt collector conveys information regarding the debt to a third party-informs the third party that the debt exists or provides information about the details of the debt-then the debtor may well be harmed by the spread of this information.

*Brown v. Van Ru Credit Corp.,* 804 F.3d 740, 743 (6th Cir. 2015).

While the JTM communication with TransUnion sought information ***from*** TransUnion rather than supplying information to TransUnion about Holloway's debt, it did convey one piece of information -i.e. that it sought information for purposes of collection.   It also raises the question whether JTM could have gained access to Holloway's credit report if it did not allege it was for collection since the Complaint alleges the debt was discharged.

Furthermore, Holloway alleges violations of 1692e & f for false representations and deceptive practices for JTM's representing the debt was for collection when it was in fact discharged and therefore, uncollectable. At the Motion to Dismiss stage the Court holds Holloway's allegations are sufficient to survive JTM's Motion.

Therefore, for the foregoing reasons, the Court denies JTM's Motion to Dismiss Holloway's claim for violations of the FDCPA.

**Ohio Consumer Sales Practices Act**

According to JTM, Holloway's Claim at Count IV of her Complaint for violation of the OCSPA must be dismissed because only suppliers can be liable and under Ohio law JTM is not a supplier. Holloway opposes the Motion, contending that a violation of the FDCPA may constitute a claim under the OSCPA. Furthermore, JTM's conduct in purchasing consumer debt and attempting to collect on such debt, even though it was discharged in bankruptcy, sufficiently alleges a violation of the OSCPA.

The Ohio Supreme Court has stated "the OCSPA also provides protections for consumer debtors against debt collectors and their attorneys. *Taylor v. First Resolution Invest. Corp.,* 2016-Ohio-3444, ¶ 12, 148 Ohio St. 3d 627, 631, 72 N.E.3d 573, 580. In *Taylor*, the Ohio Supreme Court held, " debt buyers collecting on credit card debt and their attorneys are subject to the OCSPA." *Id*. at 658. JTM argues it is factually distinguishable from *Taylor* in that in *Taylor* there was no doubt defendants solicited plaintiff in an attempt to recover the plaintiff's debt. Here, Holloway alleges amongst other claims that JTM misrepresented the debt owed as it could not collect on the debt as it was discharged in bankruptcy. This supports a claim under the OCSPA. Furthermore, the Court, on a Motion to

Dismiss, holds that JTM's activities may effect consumer transactions such that the Court finds it plausible that JTM is a supplier under the OCSPA.

Therefore, for the foregoing reasons, the Court denies JTM's Motion to Dismiss.

IT IS SO ORDERED.


 /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge