# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CAROLYN D. HOLLOWAY,** | ) | **CASE NO.1:18CV1794** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **JTM CAPITAL MANAGEMENT, LLC.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiff Carolyn Holloway's ("Holloway") Application to Clerk for Entry of Default Against JTM Capital Management LLC. ("JTM") (ECF # 4). For the following reasons, the Court declines to enter default against JTM.

On June 28, 2018, Holloway filed her Complaint in Cuyahoga County Court of Common Pleas, alleging four claims against JTM. Holloway asserted two claims for violation of the Fair Credit Reporting Act, one claim for violation of the Fair Debt Collection Practices Act and one claim for violation of the Ohio Consumer Sales Practices Act. On August 3, 2018, JTM removed the case to federal court and on August 10, 2018, JTM moved for dismissal of the Fair Debt Collection Practices Act and Ohio Consumer Sales Practices Act claims. JTM did not move on Holloway's two claims under the Fair Credit Reporting Act and did not file an Answer.

On September 7, 2018, Holloway filed her Application for Entry of Default, contending

JTM is in default on Holloway's Fair Credit Reporting Act claims because JTM never moved on those claims and never filed a timely Answer responding to the claims. JTM argues that its Motion to Dismiss suspends all responsive pleading requirements, including its obligation to respond to the Fair Credit Reporting Act claims, until such time as the Court rules on the Motion to Dismiss.

Although there is no binding precedent on this issue, the greater weight of authority supports the conclusion that a partial motion to dismiss suspends the time to Answer on those claims that are not the subject of the motion. Although Fed. R. Civ. P. 12(a) is silent in this circumstance, several courts that have considered the issue found the response time is suspended on all claims when a defendant moves to oppose some but not all claims in a complaint. See *Compton v. City of Harrodsburg, Ky.,* 287 F.R.D. 401, 402 (E.D. Ky. 2012) ("...the majority of federal courts that have addressed the issue have held that filing a partial motion to dismiss does indeed extend the time to file a responsive pleading with respect to all claims, including those not addressed in the motion."). *Citing* 5B *Wright & Miller, Federal Practice and Procedure* § 1346 (3d ed.) ("[T]he weight of limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."). See also *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009), *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249-250 (W.D.N.Y. 1998) and *Gamble v. Boyd Gaming Corp.,* 2014 WL 1331034, *2 (D. Nev. Apr. 1, 2014).

The Court adopts this holding as it has the beneficial effect of avoiding piecemeal pleadings. Furthermore, as the court in *Compton* noted "...requiring parties to file responsive

pleadings in a piecemeal fashion would undoubtedly create 'duplicative sets of pleadings in the event that the Rule 12(b) motion is denied' and would 'cause confusion over the proper scope of discovery during the motion's pendency.'" *Compton* at 402, quoting 5B *Wright & Miller, Federal Practice and Procedure* § 1346 (3d ed.).

Therefore, the Court declines to enter default against JTM.

IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            United States District Judge